UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | C.R. No. 12-10071-PBS-1 |
| | ) | App. No. 13-1363 |
| FRANCIS X. MORGAN, | ) | |
| a.k.a. Francis Lebrun, | ) | |
| Defendant. | ) | |

**ORDER**

SARIS, C.J.

For the reasons stated below, the undersigned finds good cause to enlarge the time for Morgan to file his appeal and considers his notice of appeal timely filed.  Defendant Morgan's attorney is advised that he remains counsel of record and he should take whatever action he deems to be appropriate in ensuring that Defendant Morgan is represented on appeal.

BACKGROUND

Defendant Francis X. Morgan is represented by attorney James N. Greenberg.  Defendant pled guilty on October 12, 2012 to the one-count indictment charging him with Bank Robbery in violation of 18 U.S.C. § 2113(a).  On January 18, 2013, Morgan was sentenced to 151 months in custody, 36 months supervised release and a $100 special assessment.  See Electronic Clerk's Notes, Docket No. 37.  Judgment entered on January 29, 2013 with the following recommendations to the Bureau of Prisons:

> That the Bureau of Prisons complete a psychological evaluation of the defendant to determine his treatment needs and that, if possible, this evaluation occur at FMC Butner or FMC Devens. The court also makes a judicial

1

recommendation that the defendant participate in psychological care for his mental health needs. The Court makes a judicial recommendation that the defendant be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's documented medical needs. The Court makes a judicial recommendation that the defendant participate in substance abuse treatment while in Bureau of Prisons' custody.

See Docket No. 38.

On March 18, 2013, Defendant filed a pro se letter seeking the Court's help in filing an appeal.  See Docket No. 39.  In his letter, Defendant states that he asked his lawyer "in letters and phone to put in the timely appeal."  Id.  Defendant states that he "asked for the appeal form to be sent to [the court]" and "that he put the grounds and meaning in front of you, Your Honor."  Id.

The undersigned entered an Electronic Order treating Morgan's letter as a Notice of Appeal.  See Docket No. 40. By Order dated March 28, 2013, the Court of Appeals for the First Circuit returned the notice of appeal to the district court referencing Fed. R. App. P. 4(b)[1] and noting that the appeal was filed late.  See Docket No. 47.

Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - - extend the time to file a notice

---

[1]In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of either the judgment or the order being appealed.  Fed. R. App. P. 4(b)(1)(A)(I).

of appeal for a period not to exceed 30 days from the expiration

of the time otherwise prescribed by this Rule 4(b).  <u>See</u> Fed. R.

App. P. 4(b)(4) (motion for extension of time).

DISCUSSION

I.   <u>Good Cause to Extend Time to Appeal</u>

Here, Defendant Morgan filed a <u>pro se</u> letter concerning his

appeal.  It appears to this Court that he was unable to have his

attorney file a timely notice of appeal.  The undersigned finds

that this particular combination of facts provides good cause to

extend the time for the filing of defendant's appeal.

Because Morgan's letter/notice of appeal was filed within

the thirty days immediately following the fourteen day period

Fed. R. App. P. 4(b)(1)(A)(I), the undersigned will enlarge the

time for defendant Morgan to file a notice of appeal.  The

undersigned considers his notice of appeal (D. #41) timely filed.

II.  <u>James N. Greenberg Remains Counsel of Record</u>

Through this Order, attorney Greenberg is advised that First

Circuit Local Rule 12(b) provides, among other things, that an

attorney who has represented a defendant in a criminal case is

responsible for representing the defendant on appeal.  Similarly,

First Circuit Local Rule 46.6 provides that "[a]n attorney who

has represented a defendant in a criminal case in the district

court will be responsible for representing the defendant on

appeal, whether or not the attorney has entered an appearance in

3

the court of appeals, until the attorney is relieved of such duty by the court of appeals."  Additionally, First Circuit Local Rule 46.5(a) provides for a defendant to request court appointed counsel, and Rule 46.5(b) provides for appointment of counsel by the Court of Appeals in criminal cases.  Therefore, any request for counsel to withdraw or for new counsel to be appointed on appeal must be directed to the First Circuit Court of Appeals.

A copy of this Memorandum and Order shall be sent to defendant Morgan's attorney, James Greenberg, for whatever action he deems to be appropriate in ensuring that Defendant Morgan is represented by counsel on appeal.

<u>CONCLUSION</u>

Accordingly, for the above reasons, the undersigned finds good cause to enlarge the time for defendant Morgan to file his appeal and considers his notice of appeal timely filed.  The Clerk shall transmit this Order to the First Circuit Court of Appeals.   The Clerk shall also send a copy of this Order to defendant Morgan.  Attorney James N. Greenberg, as counsel of record, will receive electronic notice of this Order.

SO ORDERED.


June 11, 2013                      /s/ Patti B. Saris
DATE                               PATTI B. SARIS
                                   Chief, U.S. District Judge