UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
UNITED STATES OF AMERICA           )
                                   )  Criminal Case No. 12-10071-PBS
          v.                       )
                                   )
FRANCIS X. MORGAN,                 )
          Defendant.               )
                                   )
_____
```

**MEMORANDUM AND ORDER**

February 9, 2016

Saris, C.J.

**INTRODUCTION**

*Pro se* petitioner Francis X. Morgan seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On January 18, 2013, the Court sentenced Petitioner to 151 months incarceration after he pleaded guilty to unarmed bank robbery. Petitioner now argues his attorney provided constitutionally inadequate representation by failing to seek a downward departure based on diminished capacity under U.S.S.G. § 5K2.13. Petitioner's argument fails because counsel did raise the question of defendant's mental health. Moreover, even if a motion for a downward departure should have been filed, there was no prejudice, as the Court would not have departed because Petitioner posed a danger to the public. Petitioner's motion (Docket No. 60) is **DENIED**.

**DISCUSSION**

**I.   Standard of Review**

Section 2255 allows a federal prisoner to seek postconviction relief from a sentence for four reasons, including if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013). One way to attack the constitutionality of a sentence is "if the claim is repackaged as one of ineffective assistance of counsel." Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). To succeed on such a claim, Petitioner "must demonstrate that counsel's performance fell below an objective threshold of reasonable care and that this deficient performance prejudiced him." United States v. Caramadre, 807 F.3d 359, 371 (1st Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The Court will find deficiency "only where, given the facts known [to counsel] at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014) cert. denied, 135 S. Ct. 1751 (2015) (internal citations and quotation marks omitted). The Court will find prejudice only where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## II. <u>Analysis</u>

Petitioner fails to meet either prong of the ineffective assistance of counsel standard. With respect to deficient performance, it was not objectively unreasonable for Petitioner's counsel not to invoke § 5K2.13 in his sentencing memorandum or during the sentencing hearing. This Guideline permits a downward departure if a defendant's significantly reduced mental capacity contributed substantially to the commission of the offense. U.S.S.G. § 5K2.13. Petitioner's counsel made a functionally equivalent argument, framed under 18 U.S.C. § 3553 and U.S.S.G. § 5K2.0, that Petitioner deserved a lower sentence in light of a multitude of factors, including his mental health. <u>See</u> Docket No. 35, Def. Sent. Mem., at 4 ("In Morgan's mentally ill mind he didn't know what else to do so he reverted to his familiar criminal behavior."), at 5 ("Mr. Morgan was an untreated, mentally ill man on January 12, 2012, the day he walked into the bank with a threatening note and demanded money."). Presenting an argument for a variance under § 3553(a) and § 5K2.0, rather than under § 5K2.13, is not objectively unreasonable in light of the advisory nature of the Sentencing Guidelines. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>United States v. Villanueva Lorenzo</u>, 802 F.3d 182, 184-85 (1st Cir. 2015) (noting that sentencing courts must consider the

Guidelines, any departures, and the § 3553 factors in determining an appropriate sentence).

Moreover, Section 5K2.13 would not have applied in this case even if squarely raised because Petitioner posed a threat to public safety. Under § 5K2.13, "the court *may not* depart below the applicable guideline range if . . . the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." U.S.S.G. § 5K2.13 (emphasis added). Thus, the wiser course was to seek a variance. Here, Petitioner had committed multiple bank robberies, and the Court expressed grave concern that he would threaten public safety if not incarcerated. E.g., Docket No. 51, Sent. Tr., at 8 ("I'm worrying about public safety."), at 9 ("[I]n a sense his mental illness is mitigating, but it's also frightening that nothing you do is going to deter him."), at 17 ("You're quite dangerous on the street."). Because Petitioner was dangerous to the public, the Court would not have granted a downward departure under § 5K2.13. As a result, Petitioner cannot show prejudice. Thus, Petitioner's ineffective assistance of counsel claim must fail.

## **ORDER**

For the foregoing reasons, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

>　　　　　　　　　　　　　　/s/ PATTI B. SARIS_____
>　　　　　　　　　　　　　　Patti B. Saris
>　　　　　　　　　　　　　　Chief United States District Judge